B15-13201

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| In Re: | CASE NO. 15-33742 |
| Kenneth E White<br>Leah L White | CHAPTER 13 |
| | JUDGE ALAN C. STOUT |
| Debtors | **(6616 Rebecca Lane, Louisville, KY 40258)** |

**AGREED ORDER FOR RELIEF FROM STAY**

This matter came to be considered on the Motion for Relief from Stay (the "Motion") filed by Creditor, Ocwen Loan Servicing, LLC.

Creditor has alleged that good cause exists for granting the Motion and that Debtors, counsel for Debtors, the Chapter 13 Trustee, and all other necessary parties were served with this Motion and with notice of the hearing date for this Motion; and

The parties have entered into an agreement resolving the Motion.

**IT IS THEREFORE, ORDERED:**

1.  The Debtors shall maintain regular monthly post-petition payments directly to Creditor outside the Chapter 13 Plan beginning with a payment on September 1, 2016. Failure by the Debtors to make the regular monthly mortgage payment to the Creditor within 30 days of the date due shall constitute a default. **The terms and conditions of the note and mortgage remain unaffected by this Agreed Order.**

2.  Debtors presently owe Creditor the sum of $3,853.89 which is comprised of post-petition arrearages, late charges, costs and fees which have accrued up to and including August 1, 2016. This amount consists of $676.00, which represents the attorney fees of $500.00 and filing fee of

$176.00 associated with the filing of the Motion for Relief plus the remaining arrearage of $3,183.75 (5 payments @ $636.75, April 1, 2016 through August 1, 2016) less suspense amount of $5.86.  Creditor shall file a supplemental proof of claim for $676.00 which represents $500.00 attorney fees and $176.00 costs associated with the Motion for Relief.  Debtors agree not to object.  Debtors shall tender the balance of the arrears in the amount of $3,177.89 to Creditor in five (5) monthly payments of $529.64 and one (1) monthly payment of $529.69 commencing on September 1, 2016.

| Date of Payment | Regular Mortgage Payment | Additional Payment for Arrears |
|---|---|---|
| 09/01/2016 | $636.75 | $529.64 |
| 10/01/2016 | $636.75 | $529.64 |
| 11/01/2016 | $636.75 | $529.64 |
| 12/01/2016 | $636.75 | $529.64 |
| 01/01/2017 | $636.75 | $529.64 |
| 02/01/2017 | $636.75 | $529.69 |

Debtors' failure to tender the arrearage payment on or before the due date shall constitute a default.  **The parties are in agreement that the Debtors should only pay and the Creditor should only receive what is actually owed, no more and no less.  If it is discovered that certain payments or advances were not properly credited or accounted for, then the parties agree that the Agreed Order shall be modified to accurately reflect the status of the account.**

3.      Should Debtors convert to another chapter under the bankruptcy code during the life of this Agreed Order, then, Creditor's counsel shall send written notice to Debtors' counsel advising that the entire contractual arrearage is due within 10 days of the date of the letter.  If the entire arrearage is not tendered within that 10-day period, then such failure shall constitute a default.

4.      In the event of a default, Creditor shall send to Debtor and counsel for Debtor a Notice of Default, indentifying the missed payments, indicating Debtor shall have ten (10) days from the

date of issuance of the Notice to cure the Default. Debtors' right to receive this 10-day Notice from Creditor shall be limited to three (3) in number. Upon a fourth Default Creditor shall be entitled to file with the Court a Certificate of Non-compliance referenced in the next paragraph. **Debtors' opportunity to cure a default shall be limited to 3 occurrences.**

5. Should Debtor fail to cure the Default, Creditor shall file a Certificate of Non-Compliance with supporting affidavit, with service of same upon Debtor, Debtor's counsel and the Chapter 13 Trustee. The filing of the Certificate of Non-Compliance shall serve to grant immediate relief from the automatic stay imposed by Section 362 of the Bankruptcy Code, which shall terminate without further hearing or order from this Court and by agreement of the parties hereto.

6. **Debtors shall stay current on their post-petition property taxes and property insurance. Should Debtors become delinquent on the post-petition property taxes or fail to maintain insurance on the property, resulting in Creditor advancing funds for post-petition taxes that have become delinquent or a lapse in insurance coverage, then a default of this order shall exist, and Creditor shall have the same rights upon default as described in paragraphs 4 and 5.**

7. Counsel for Debtors' fees in the amount of $250.00 shall be paid inside the Plan as an administrative expense.

Pursuant to Local Rule 9022-1(c), Andrew A. Paisley, shall cause a copy of this order to be serviced on each of the parties designated to receive this order pursuant to Local Rule 9022-1(a) and shall file with the court a Certificate of Service of the Order upon such parties within ten (10) days hereof.

Alan C. Stout
United States Bankruptcy Judge
Dated: October 5, 2016

SUBMITTED AND APPROVED BY:

**/S/ Andrew A. Paisley**
Andrew A. Paisley
Clunk, Paisley and Associates PSC
Attorney for Creditor
4500 Courthouse Blvd, Ste 400
Stow, OH 44224
(330) 436-0300
(330) 436-0301 facsimile
Email:  *bknotice@johndclunk.com*


**/s/ Julie Ann O'Bryan**
Julie Ann O'Bryan
Suite 17
1717 Alliant Ave.
Louisville, KY 40299
(502) 339-0222
Email: rebecca@obryanlawoffices.com



**Distribution list:**

Kenneth E White
Leah L White
6616 Rebecca Lane
Louisville, KY 40258

Julie Ann O'Bryan
1717 Alliant Ave, Suite 17
Louisville, KY 40299

William W. Lawrence
310 Republic Plaza
200 S. Seventh Street
Louisville, KY 40202

Joseph J. Golden
Office of the U.S. Trustee
601 W. Broadway #51
Louisville, KY 40202